# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WOJCIECH STARBALA,

    Petitioner,

v

KATARZYNA MARTA SLODKIEWICZ,
also known as KATARZYNA
SLODKIEWICZ-KACZOR,

    Respondent.

Case No.: 10-11968

Honorable George Caram Steeh

---

Chelsea Dee Larsen (P65267)
Attorney for Petitioner
Dykema Gossett PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Telephone: (248) 203-0732
Facsimile: (248) 203-0763

---

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

This matter comes before the Court upon Petitioner Wojciech Starbala's Emergency Ex Parte Motion For Temporary Restraining Order Directing Expedited Service and Surrender of Passports and Travel Documents (the "Motion") against Respondent, Katarzyna Marta Slodkiewicz a/k/a Katarzyna Slodkiewicz-Kaczor (the "Respondent"). The Court, having reviewed the Motion and Brief in Support, Petitioner's Hague Convention Petition for Return of Child and the Exhibits thereto, Petitioner's Brief in Support of Hague Convention Petition for Return of Child, the declaration of Wojciech Starbala, and having heard oral argument of counsel and being otherwise duly advised in the premises:

**THE COURT FINDS AS FOLLOWS:**

Petitioner has sufficiently demonstrated the following as a basis for this Temporary Restraining Order: (a) a substantial likelihood of success on the merits of his claims; (b) he will suffer immediate irreparable harm if a Temporary Restraining Order is not issued; (c) the harm suffered by Petitioner in the absence of a Temporary Restraining Order would be greater than that suffered by Respondent, if any, if a Temporary Restraining Order is issued; and (d) the public interest will be served by the issuance of a Temporary Restraining Order.

Notice that Petitioner was seeking this relief and, thus, of Petitioner's Motion was not given to Respondent for the reason that Respondent is a flight risk, and Petitioner will be irreparably harmed if Respondent flees this Court's jurisdiction and further conceals the subject of Petitioner's Hague Convention Petition for Return of Child, O███ S█████.

No bond or other security is required as there is no proof that Respondent will be harmed by the issuance of this Order.

**THE COURT ORDERS AS FOLLOWS:**

**IT IS ORDERED** that Respondent is temporarily restrained from leaving the jurisdiction of this Court.

**IT IS FURTHER ORDERED** that Respondent is temporarily restrained from removing or causing the removal of O███ S█████ from the jurisdiction of this Court.

**IT IS FURTHER ORDERED** that the name of O███ S█████ be entered into the national police computer system (N.C.I.C.) missing person section.

**IT IS FURTHER ORDERED** that a United States Marshal shall immediately serve this Order, a copy of Petitioner's Hague Convention Petition for Return of Child on Respondent, a

2

copy of Petitioner's Emergency Ex Parte Motion For Temporary Restraining Order Directing Expedited Service and Surrender of Passports and Travel Documents and Brief in Support.

**IT IS FURTHER ORDERED** that Respondent shall immediately surrender, to the United States Marshals Service, Respondent's passport and travel papers, and the passport and travel papers of O███ S███. The United States Marshals Service is authorized to enter private property, if necessary, to effect this seizure. The United States Marshals Service is directed to retain custody of the passports and travel papers of Katarzyna Marta Slodkiewicz, also known as Katarzyna Slodkiewicz-Kaczor and of minor child O███ S███ until further order of this Court.

**IT IS FURTHER ORDERED** that the parties and/or their attorneys shall appear before this Court on **June 2, 2010 at 11:00 a.m.** in Courtroom 236, United States courthouse, 231 W. Lafayette Boulevard, Detroit, Michigan, and show cause, if any there be, why the Court should not issue a preliminary injunction prohibiting Respondent from leaving, removing or causing the removal of O███ S███ from the jurisdiction of this Court.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall remain in full force and effect until fourteen (14) days after the entry of this Order, or until further order of the Court, whichever occurs first. This Temporary Restraining Order may be extended for a like period of time if good cause is shown.

**IT IS FURTHER ORDERED** that a hearing on the Hague Convention Petition for Return of Child will be held on a date and time to be set by the Court.

**IT IS FURTHER ORDERED** that the failure of Respondent Katarzyna Marta Slodkiewicz a/k/a Katarzyna Slodkiewicz-Kaczor to appear at the above hearings <u>will result in a bench warrant for her arrest</u> by the United States Marshals Service pursuant to 18 U.S.C. § 401 and 42 U.S.C. § 11604(a).

**SO ORDERED.**

Dated: May 17, 2010 <u>**s/George Caram Steeh**</u>
United States District Court Judge